IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PRINCE ATUM-RA UHURU MUTAWAKKIL
also known as NORMAN C. GREEN,

                              Plaintiff,

      v.

CAPTAIN GERI, SGT. PATTEN, M. TAYLOR,
JOHNSON, McDANIELS, LT. BORSEN,
SGT. KUSSMAUL, PETER HUIBREGTSE,
BRIAN KOOL, A. DUNBAR, ELLEN RAY,
CAPTAIN GILBERG, BURTON COX,
MARY MILLER, CYNTHIA THORPE,
JANE DOE #1 and JANE/JOHN DOE #2,

                              Defendants.

OPINION AND ORDER

12-cv-816-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se prisoner Prince Atum-Ra Uhuru Mutawkkil, also known as Norman Green, has filed a massive proposed complaint regarding his conditions of confinement at the Wisconsin Secure Program Facility. The complaint is 75 pages long, divided into 27 "counts" (many of which include multiple clams) and includes incidents as far back as 2002. Although plaintiff has made an initial partial payment of the filing fee as required by 28 U.S.C. § 1915(b)(1), there are a number of problems with his complaint that must be fixed before he can move forward.

First, as is often the case when a complaint includes so many claims and defendants, the defendants listed in the caption are not exactly the same as the officials discussed in the

1

complaint. For example, plaintiff lists two Doe defendants without explaining in the body of his complaint in which claims he intended to include them. In addition, he includes someone named "Mary Miller" in his caption, but he does not include any allegations about her in the body of this complaint, with the exception that she is the "nursing supervisor/manager" for the health services unit. Cpt. ¶ 16, dkt. #1. He does not explain how she was involved in violating any of his rights.

Plaintiff's complaint includes the opposite problem as well. He identifies officials in the body of his complaint as "defendants" but they are not listed as defendants in the caption. These include Christina Beerkircher and Kelly Trumm. If a party is not listed in the caption, I cannot treat her as a defendant. Myles v. United States, 416 F.3d 551, 551 (7th Cir. 2005) ("The body of the complaint mentions several federal employees, but to make someone a party the plaintiff must specify him in the caption.").

Another problem is that the complaint violates federal rules regarding the claims that can be joined in a single lawsuit. Fed. R. Civ. P. 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); 3A Moore's Federal Practice § 20.06, at 2036–2045 (2d ed.1978). Plaintiff's complaint includes dozens of claims against different sets of defendants ranging from treatment for his knee to excessive

force to cell conditions and many others.

Although Fed. R. Civ. P. 18 allows a party to join unrelated claims against defendants in a suit, this rule applies only after the requirements for joinder of parties have been satisfied under Rule 20, Intercon Research Assn., Ltd. v. Dresser Ind., Inc., 696 F.2d 53, 57 (7th Cir. 1983) (quoting 7 Charles Alan Wright et al., Federal Practice & Procedure), which means that the core set of allowable defendants must be determined under Rule 20 before a plaintiff may join additional unrelated claims against one or more of those defendants under Rule 18. This means also that under Rule 18, a party cannot join claims involving any defendant outside the group identified under Rule 20 .

Plaintiff seems to believe that he can join these different claims because they are part of a conspiracy. Throughout his complaint, plaintiff says that defendants were part of a "cabal" formed to harass him. However, other than this conclusory assertion, there are no facts in the complaint supporting plaintiff's conspiracy theory, which means he cannot join claims on that ground. Cooney v. Rossiter, 583 F.3d 967, 970–71 (7th Cir. 2009) ("[C]onspiracy allegations [are] often held to a higher standard than other allegations; mere suspicion that persons adverse to the plaintiff had joined a conspiracy against him or her [is] not enough.").

Unfortunately, I cannot tell plaintiff how many of his claims may be joined in one lawsuit until he identifies which claims, if any, he wishes to bring against Mary Miller, the Doe defendants, Christina Beerkircher and Kelly Trumm. Accordingly, I will give plaintiff an opportunity to file an amended complaint to make these changes.

To avoid any confusion about exactly what plaintiff wishes to add or subtract from his proposed amended complaint, he should follow these instructions. First, he should use a copy of his original complaint (which I have included with this order) and make changes to that copy rather than draft a new complaint from scratch. He should then circle any additions he has made to the caption and any new allegations in the body of his complaint. If he wishes to omit claims to comply with Rule 20, he should draw a line through those allegations. If plaintiff does this, it will allow the court to screen plaintiff's changes quickly and rule more promptly on his motion.

ORDER

IT IS ORDERED that plaintiff Prince Atum-Ra Uhuru Mutawkkil, also known as Norman Green, may have until February 11, 2013, to file a proposed amended complaint as described in this order. If plaintiff does not respond by that date, I will screen the complaint without reference to Mary Miller, the Doe defendants, Christian Beerkircher, Kelly Trumm and anyone else who is not included in both the caption and the body of the complaint.

Entered this 28th day of January, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge