IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PRINCE ATUM-RA UHURU MUTAWAKKIL
also known as NORMAN C. GREEN,

                    Plaintiff,

     v.

CAPTAIN GERI, SGT. PATTEN, M. TAYLOR,
JOHNSON, McDANIELS, LT. BORSEN,
SGT. KUSSMAUL, PETER HUIBREGTSE,
BRIAN KOOL, A. DUNBAR, ELLEN RAY,
CAPTAIN GILBERG, BURTON COX,
MARY MILLER, CYNTHIA THORPE,
JANE DOE #1 and JANE/JOHN DOE #2,

                    Defendants.

ORDER

12-cv-816-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Prince Atum-Ra Uhuru Mutawakkil, also known as Norman Green, has filed a proposed amended complaint as directed by the court in an order dated January 28, 2013, to clarify the scope of his claims. Plaintiff had included someone named Mary Miller in his caption along with two "Doe" defendants without including any allegations about them in the body of his complaint.  In addition, he included numerous allegations about Christina Beerkircher and Kelly Trumm in his complaint but he had not listed those individuals in the caption.

      In his proposed amended complaint, plaintiff made the following changes that are

1

responsive to the January 28 order: (1) he named Christina Beerkircher and Kelly Trumm as defendants in the caption; (2) he added an allegation that "Jane Doe #1" denied his open records request; and (3) he added an allegation that "John/Jane Doe #2" caused the removal of his "no kneeling" restriction by giving him a false conduct report. Plaintiff did not include any allegations about Mary Miller, but he asks the court in a memorandum accompanying his proposed amended complaint to keep her in the case while he conducts discovery. I cannot grant that request because Fed. R. Civ. P. 8 requires a plaintiff to give each defendant notice of the claim against her. Because plaintiff has not included any allegations about Miller, I must dismiss her from the case. If plaintiff later discovers information showing that Miller was involved in a constitutional violation related to a claim that survives screening, plaintiff may seek leave to amend his complaint at that time.

I also told plaintiff in the January 28 order that his complaint violated Fed. R. Civ. P. 20 because it included unrelated claims against different defendants. Although I could not tell plaintiff which claims could be joined until he resolved the issues about which officials he intended to sue, I encouraged him to review the rule when preparing his amended complaint and omit any claims that could not be joined properly. Dkt. #6.

Plaintiff's amended complaint omits one of the 27 claims in his original complaint. In addition, he has filed a document that he calls a "motion to join defendants and claims" in which he argues that all his remaining claims are joined properly because they are part of a "campaign of harassment." Dkt. #7. However, he adds no factual allegations

2

demonstrating a closer relationship among his various claims. As I informed plaintiff in the January 28 order, "conspiracy allegations [are] often held to a higher standard than other allegations; mere suspicion that persons adverse to the plaintiff had joined a conspiracy against him or her [is] not enough." Cooney v. Rossiter, 583 F.3d 967, 970–71 (7th Cir. 2009).

Having reviewed plaintiff's proposed amended complaint, I conclude that plaintiff is raising claims that belong in no fewer than 10 different lawsuits:

Lawsuit #1:

- from 2002 to 2006, defendant Cox failed to provide adequate treatment for plaintiff's pain and swelling in his feet by refusing or delaying adequate pain medication, an MRI, a referral to a podiatrist, "walking and exercise" shoes, physical therapy and vitamins;

- defendants Ray and Huibregtse denied a grievance related to the shoes;

- defendants Beerkircher, Ray and Thorpe denied plaintiff's grievances about delays in pain medication;

- defendant Beerkircher "violat[ed] DOC 310 confidentiality clause on inmate complaints."

Lawsuit #2:

- defendants Trumm, Ray and Huibregtse falsely rejected various grievances plaintiff filed for being late;

- defendant Ray denied a grievance plaintiff filed about inadequate exercise;

- defendants Trumm and Huibregtse denied plaintiff's grievances about prison staff opening his legal mail.

Lawsuit #3:

- defendant Gilbert refused to allow plaintiff to use his walking aid during out of cell movement; defendants Beerkircher and Ray denied grievances on this issue;

- defendants Beerkircher, Ray and Huibregtse authorized the use of restraints on plaintiff during out of cell movement.

Lawsuit #4:

- defendants Kool, McDaniels, Cox, Ray, Huibregtse and John/Jane Doe #2 removed plaintiff's "no kneeling" restriction;

- defendant McDaniels gave plaintiff a conduct report for refusing to kneel before he was restrained;

- defendants Boisen and Huibregtse failed to provide plaintiff a fair hearing on the conduct report;

- defendants Patten, Geri, Johnson, McDaniels and Taylor subjected plaintiff to a strip search because plaintiff refused to kneel;

- defendants McDaniels and Kool harassed and retaliated against plaintiff because of his "dissent to participate in the brainwashing programming at the prison";

- defendant Kool refused to transfer plaintiff off a unit where officers were retaliating against him;

- defendant Kool turned the lights on and banged on doors to harass plaintiff;

Lawsuit #5:

- defendant Dunbar gave plaintiff a conduct report for how he slept;

- defendants Taylor, McDaniels and Dunbar searched plaintiff's cell;[1]

Lawsuit #6:

- defendants Kool, Kussmaul, McDaniels and Dunbar "denied all recreation, law library and health calls";

Lawsuit #7:

- defendants Geri, Taylor, McDaniels and Johnson used excessive force against plaintiff and subjected him to a strip search; defendants Huibregtse, Ray and Cox approved these actions;

- defendant Geri refused to allow plaintiff to see the nurse after the use of force;

- defendant Geri gave plaintiff a false conduct report related to the excessive force;

- defendants Boisen and Huibregtse refused to allow plaintiff to call many of his witnesses at the disciplinary hearing;

- defendant Boisen found plaintiff guilty and disciplined him by giving him 270 days in segregation;

- defendants Ray and Huibregtse denied a grievance that plaintiff still had pain in his hand as a result of the excessive use of force;

- defendants Trumm and Huibregtse refused to turn over documents related to an excessive use of force;

- defendants Geri dispensed aspirin to plaintiff in an unsanitary fashion;

---

[1] In the context of this claim and some others, plaintiff's allegations relate to "defendant Bar." I assume that plaintiff meant to name defendant Dunbar because plaintiff did not include a "defendant Bar" in the caption. If that is incorrect and plaintiff chooses to proceed on any claim that includes "defendant Bar," plaintiff will have to file another amended complaint that includes defendant Bar in the caption.

    defendants Ray and Huibregtse denied plaintiff's grievance on this issue;

- defendant Ray denied plaintiff's grievance regarding the lack of procedural safeguards for strip searches;

Lawsuit #8:

- unnamed defendants subjected plaintiff to harsh cell conditions, including cold temperatures and lack of bedding;

Lawsuit #9:

- defendants Ray, Kussmaul and Jane Doe #1 refused to turn over a report regarding an incident in June 2005;

Lawsuit #10:

- unnamed defendants refused to provide documents used in an appellate brief in an unspecified case.

Under George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007), I may apply the initial partial payment plaintiff has made to only one of the lawsuits I have identified above. Plaintiff will have to choose which lawsuit that is. That lawsuit will be the only lawsuit assigned to this case number.

As for the other lawsuits, plaintiff has a more difficult choice. He may choose to pursue those lawsuits separately. In that case, he will be required to pay separate filing fees for each lawsuit. In addition, plaintiff may be subjected to a separate strike under 28 U.S.C. § 1915(g) for each of the separate lawsuits that he pursues if the lawsuit is dismissed for failure to state a claim upon which relief may be granted. As plaintiff may be aware, once a prisoner receives three strikes, he is not able to proceed in new lawsuits without first paying

6

the full filing fee except in very narrow circumstances. 28 U.S.C. § 1915(g).

Alternatively, plaintiff may choose to dismiss one or more of the other lawsuits voluntarily. If he chooses this latter route, he will not owe additional filing fees or face a strike for any lawsuit he dismisses. Any lawsuit he dismisses voluntarily will be dismissed without prejudice, so plaintiff would be able to bring it at another time, so long as he files it before the statute of limitations as run.

Plaintiff should be aware that because it is not clear at this time which of his separate lawsuits he will pursue, I have not assessed the merits of the claims raised in any of the lawsuits identified above or determined whether they comply with Fed. R. Civ. P. 8. Once plaintiff identifies the suit or suits he wants to continue to litigate, I will screen the complaint as required under 28 U.S.C. § 1915A. Because plaintiff faces filing fees and potential strikes for each lawsuit he pursues, he should consider carefully the merits and relative importance of each of his potential lawsuits when choosing which of them he wishes to pursue.

If plaintiff disagrees with the way the court has grouped his claims or if he believes the court has left out claims he intended to assert or included claims he did not intend to assert, he may raise those objections in his response, but he must still comply with this order and choose which of the 10 lawsuits he wishes to pursue. If he fails to do so, I will construe his silence as a request to dismiss all of his claims without prejudice to his refiling them at a later date.

ORDER

IT IS ORDERED that

1. The motion filed by plaintiff Prince Atum-Ra Uhuru Mutawkkil, also known as Norman Green, to "join defendants and claims," dkt. #7, is DENIED.

2. Plaintiff may have until March 11, 2013, to identify for the court whether he wishes to proceed with Lawsuit #1, Lawsuit #2, Lawsuit #3, Lawsuit #4, Lawsuit #5, Lawsuit #6, Lawsuit #7, Lawsuit #8, Lawsuit #9 OR Lawsuit #10 under the number assigned to this case.  Plaintiff must pick one and only one of these lawsuits to proceed under case no. 12-cv-816-bbc.

3. Plaintiff may have until March 11, 2013, to advise the court of which other lawsuits he wishes to pursue under separate case numbers, if any, and which lawsuits he will withdraw voluntarily, if any.

4. For any lawsuit that plaintiff dismisses voluntarily, he will not owe a filing fee.

5. For each lawsuit plaintiff chooses to pursue, he will owe a separate $350 filing fee and will be assessed an initial partial payment.

6. If plaintiff fails to respond to this order by March 11, 2013, I will enter an order dismissing the lawsuit as it presently exists without prejudice to plaintiff's refiling it at a later date.

7. Plaintiff's amended complaint is DISMISSED as to defendant Mary Miller.

Entered this 25th day of February, 2013.

            BY THE COURT:
            /s/
            BARBARA B. CRABB
            District Judge