IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PRINCE ATUM-RA UHURU MUTAWAKKIL
also known as NORMAN C. GREEN,

                     ORDER

     Plaintiff,

                     12-cv-816-bbc

  v.

JOAN GERL, ROBERT PATTEN,
THOMAS TAYLOR, LEONARD JOHNSON,
JEREMY McDANIEL, JAMES BOISEN,
PETER HUIBREGTSE and KELLY TRUMM,

     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

   Pro se plaintiff Prince Atum-Ra Uhuru Mutawakkil, also known as Norman Green, has filed a motion that he calls "order of protection of legal documents, exhibits, grievance and medical documents in this action." Dkt. #29. In an accompanying declaration, dkt. #30, plaintiff says that prison officials confiscated all of his legal materials while transferring him to another prison. After he arrived at the new prison, officials put his legal property in eight shopping bags in no apparent order and told him he could keep only four of the bags. In his motion (but not in his sworn declaration), plaintiff says that unnamed officials refused to allow him to go through all the bags to pick out the most important documents. As a result, he says he is now missing various documents that he needs for this case, including "all the exhaustion documents," unspecified "medical records" and a conduct report that is the

1

"fulcrum" of his excessive force claim. Also in his motion (but not in his declaration), plaintiff alleges that unnamed officials "refused to allow the property to be picked up" by a friend or family member outside the prison and that the documents are "about to be destroyed." Dkt. #29 at 2-3. Plaintiff does not explain what relief he wants, but presumably he wants the documents returned or the ability to search them to retrieve those that he needs for this case.

Plaintiff raises other issues in his motion, such as allegations that defendants transferred him and confiscated his documents in retaliation for filing this lawsuit, but I cannot resolve those issues at this time. Generally, it is not this court's practice to consider new allegations of retaliation in the context of a pending lawsuit because they are outside of the issues raised in the complaint, may disrupt the proceedings and cause undue delay. The only exception to this rule arises in situations in which prison officials are preventing the plaintiff from litigating his case. Accordingly, I will focus on plaintiff's allegations that prison officials are denying him access to documents that he needs for this case. If plaintiff wishes to challenge any other actions by prison officials, he will have to file a new lawsuit.

In their response to plaintiff's motion, defendants acknowledge that plaintiff was transferred to a different prison and some of plaintiff's legal documents were confiscated, which they say was because the amount of documents plaintiff possessed exceeded what was allowed under prison rules. However, defendants deny that they are about to destroy the property or that they refused any request by plaintiff to choose the most important documents. Rather, they filed prison records and an affidavit from the program support

supervisor showing that plaintiff made a request that officials approved to allow a person named Diane Block to take possession of the documents. Dkt. #39.

Unless plaintiff comes forward with admissible evidence showing that Diane Block did not pick up the documents on his behalf, there is nothing the court can order at this time. If defendants' version of events is accurate, prison officials no longer have possession of the documents that are the subject of plaintiff's motion, so I cannot order defendants to return the documents or allow plaintiff to go through them. It will be up to plaintiff to contact Diane Block and obtain any documents he needs from her. I anticipate that the relevant prison officials at Waupun Correctional Institution will work with plaintiff in good faith to determine how he can get the documents he needs without violating prison rules on property limits. To that end, I request that counsel for defendants provide a copy of this order to the prison officials most likely to be responsible for that issue.

The only obviously time sensitive issue presented by plaintiff's loss of custody of some of his legal documents is that defendants recently filed a motion for partial summary judgment on the ground that plaintiff failed to exhaust his administrative remedies on his due process claim. Dkt. #34. It seems unlikely that plaintiff will need any additional documents to respond to this motion because defendants already filed a number of documents about the disciplinary hearing at issue and plaintiff's grievance history. Dkt. ##36-37. However, if plaintiff is unable to obtain documents he believes he needs before the deadline for responding to defendants' motion for summary judgment, he may file a motion for an extension of time then. If plaintiff chooses to file such an extension, he will

have to do the following: (1) identify with as much specificity as he can which documents he needs but has been unable to obtain; (2) explain why he believes he needs the documents in order to respond to defendants' motion; (3) explain what actions he has taken thus far to get the documents and what he will do next; and (4) identify how much extra time he needs and explain why. If plaintiff fails to do any of these things, the court may deny any requests for more time.

ORDER

IT IS ORDERED that the motion filed by plaintiff Prince Atum-Ra Uhuru Mutawakkil, also known as Norman Green, for an "order of protection of legal documents, exhibits, grievance and medical documents in this action," dkt. #29, is DENIED.

Entered this 31st day of July, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge