IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PRINCE ATUM-RA UHURU MUTAWAKKIL
also known as NORMAN C. GREEN,

              Plaintiff,

    v.

JOAN GERL, ROBERT PATTEN,
THOMAS TAYLOR, LEONARD JOHNSON,
JEREMY McDANIEL, JAMES BOISEN,
PETER HUIBREGTSE and KELLY TRUMM,

              Defendants.

ORDER

12-cv-816-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se prisoner Prince Atum-Ra Uhuru Mutawakkil, also known as Norman Green, is proceeding on various claims that prison officials at the Wisconsin Secure Program Facility violated his constitutional rights. Defendants have filed a motion for partial summary judgment with respect to plaintiff's claim that defendants James Boisen and Peter Huibregtse violated his right to due process because Boisen was biased against plaintiff in the context of a disciplinary hearing and Huibregtse affirmed the decision despite knowing that Boisen was biased. Defendants argue that the claim should be dismissed because plaintiff did not exhaust his administrative remedies.

      Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined

1

in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory, Woodford v. Ngo, 548 U.S. 81, 85 (2006), and "applies to all inmate suits." Porter v. Nussle, 534 U.S. 516, 524 (2002).

Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process," Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, Burrell v. Powers, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." Pozo, 286 F.3d at 1025. In Wisconsin, the administrative code sets out the process for a prisoner to file a grievance and appeal an adverse decision. Wis. Admin. Code. § DOC 310.07 (prisoner first files grievance with inmate complaint examiner; prisoner may appeal adverse decision to corrections complaint examiner and then to department secretary). A failure to follow these rules may require dismissal of the prisoner's case. Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 535 (7th Cir. 1999). However, "[i]f administrative remedies are not 'available' to an inmate, then the inmate cannot be required to exhaust." Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006).

In support of their motion, defendants cite the affidavit of a records custodian, who avers that plaintiff did not file any grievances about defendant Boisen's alleged bias. Rose Aff. ¶ 13, dkt. #37. Plaintiff does not deny that he failed to file a grievance about this issue, but his position seems to be that he was not required to file one. He cites Wis. Admin. Code

§ 310.08(3), which states that a prisoner may file a grievance "to challenge only the procedure used in . . . the disciplinary process." He suggests that § 310.08(3) did not allow him to file a grievance about defendants' alleged bias, but he does not explain why. As defendants point out, plaintiff's claim is an alleged violation of due *process*. In other words, he is alleging that the procedure used to find him guilty was defective because the decision maker was biased. Because that claim falls within the type of grievances allowed under § 310.08(3), plaintiff has not exhausted his available administrative remedies, as required by § 1997e(a).

Plaintiff raises other issues in his brief about the merits of his claim, but those issues are irrelevant to the question whether he exhausted his administrative remedies. Accordingly, I am granting defendants' motion for partial summary judgment and dismissing defendant Boisen from the case. (Defendant Huibregtse will not be dismissed because plaintiff has another claim against him.)

ORDER

IT IS ORDERED that the motion for partial summary judgment filed by defendants James Boisen and Peter Huibregtse, dkt. #34, is GRANTED. Defendant Boisen is

DISMISSED from the case.

Entered this 13th day of November, 2013.

                                        BY THE COURT:
                                        /s/
                                        BARBARA B. CRABB
                                        District Judge