IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

PRINCE ATUM-RA UHURU MUTAWAKKIL
also known as NORMAN C. GREEN,

                                                                                           ORDER

                    Plaintiff,

v.                                                                                 12-cv-816-bbc

JOAN GERL, *et al.*,

                    Defendants.
_____

      Plaintiff Prince Atum-Ra Uhuru Mutawakkil, also known as Norman Green, is proceeding on various constitutional claims related to a strip search and use of force that occurred in November 2007. Several matters are before the court:

      (1) plaintiff's second motion to compel discovery or, in the alternative, to impose sanctions for spoliation, dkt. 70;

      (2) plaintiff's third motion to compel discovery, dkt. 84;

      (3) plaintiff's motion to stop "the defense from obstructing and interfering with plaintiff's ability to prosecute this action," dkt. 85;

      (4) plaintiff's motion to strike defendants' expert, dkt. 86;

      (5) defendants' motion to file an amended expert disclosure, dkt. 89; and

      (6) plaintiff's motion for assistance in recruiting counsel, dkt. 70.

      For the reasons stated below, I am granting these motions in part and denying them in part.

## ANALYSIS

I.  **Second Motion to Compel Discovery**

Plaintiff's second motion to compel spans 19 pages and 143 numbered paragraphs. Although he objects to dozens of discovery responses, plaintiff fails to explain in many instances what defendants did wrong, except to say that they were "nonresponsive," "evasive," "untruthful," "meritless" or something just as conclusory. I have not considered these objections. To the extent plaintiff believes that there is other evidence that contradicts or impeaches defendants' responses, he is free to submit that evidence at summary judgment or trial.

In my review of plaintiff's motion, I understand him to be arguing that defendants should be compelled to provide the following records or information:

(1) video recordings of the use of force and strip search at issue in this case;

(2)  grievances submitted against defendants by other prisoners;

(3) defendants' disciplinary histories on issues related to this case;

(4) policies on the use of force, tasers, leg irons and "kneeling down";

(5) communication between defendants and any grievance examiners related to this case;

(6) the manual for the taser defendant Gerl used;

(7) incidents in which defendant Gerl has used "lethal force";

(8) the training manual "on the use of combat/kravamagrav pressure point use of force techniques used on Plaintiff";

(9) the institution entry log showing the sheriff's visit to the prison to investigate plaintiff's allegations;

(10) any statements made by defendants to Captain Mason during her investigation; and

(11) training that defendant Gerl has received related to batons and tasers.

Some of plaintiff's objections require little discussion. Plaintiff cites previous cases in this court as evidence that defendant Gerl is lying when she denies that she has used "lethal" force in the past, but plaintiff seems to misunderstand the meaning of "lethal," which is "capable of causing death." http://www.merriam-webster.com/ dictionary/lethal. *Jackson v. Gerl*, 622 F. Supp. 2d 738, 746 (W.D. Wis. 2009), involved the use of a "stinger grenade," and *Cherry v. Frank*, 03-C-129-C, 2003 WL 23218425 (W.D. Wis. Apr. 25, 2003), involved an alleged failure to intervene to stop an unlawful strip search. There was no evidence in either case that the prisoner was subjected to a risk of death.

With respect to plaintiff's request that defendants produce their training manual "on the use of combat/kravamagrav pressure point use of force techniques used," plaintiff presumably is referring to the system of self defense called Krav Maga. Regardless, plaintiff provides no basis to believe that defendants know Krav Maga, have ever used it or have a training manual.

Plaintiff does not explain how the entry log he seeks could help him prove his claim. Finally, because plaintiff did not allege in his complaint that defendant Gerl used a baton on him, any baton training she may have received is irrelevant.

I discuss plaintiff's remaining requests below:

**Video footage.** In his motion, plaintiff says defendants have provided video footage from only one camera mounted in the hallway outside his cell, even though other cameras should have captured the incident, including the camera in his cell, a handheld camera and another hall

3

camera. He says that these other cameras would have provided a better view of the incident. In addition, he says that there was a camera inside his observation cell where the strip search occurred.

In response, defendants say that there is no evidence that anyone was holding a camera to record the incident. With respect to the other mounted cameras, defendants do not deny that the cameras exist or that they were recording during the relevant incident, but they cite the affidavit of Ellen Ray, the custodian of inmate complaints, who avers that the video defendants produced was the only one she could find. Ray Aff. ¶ 8, dkt. #81.

Plaintiff does not point to any evidence suggesting that an officer used a handheld camera at the relevant time, so I see no reason to require defendants to dig deeper on that issue. However, defendants' response regarding the mounted cameras is problematic. To begin with, Ray does not suggest in her affidavit that she has any personal knowledge related to the mounted cameras. Rather, she seems to be relying on information she received from other, unspecified DOC employees; this undermines the reliability of her testimony. Further, she does not explain what efforts she or anyone else took to determine: (1) whether the other cameras plaintiff discusses were recording at the relevant time; (2) if so, whether those recordings were erased later; and (3) if so, why those recordings were erased while the recording from one hall camera was preserved. Defendants should amend their discovery response to address these issues. I am denying plaintiff's motion for sanctions on this issue because he has not shown at this point that defendants or anyone else destroyed relevant evidence with the intent to thwart plaintiff's lawsuit. *Norman-Nunnery v. Madison Area Technical College*, 625 F.3d 422, 428-29 (7th Cir. 2010)

4

("The crucial element in a spoliation claim is not the fact that the documents were destroyed but that they were destroyed for the purpose of hiding adverse information.").

**Grievances.** In response to plaintiff's request for grievances submitted by other prisoners, defendants objected on the ground that producing the grievances would infringe on the privacy rights of other prisoners, but defendants offer now to produce redacted copies of the examiner's response to the grievance. That is a reasonable compromise that should allow plaintiff to obtain any relevant information about the grievance without undermining defendants' concerns about privacy and security.

**Disciplinary histories.** Plaintiff seeks defendants' disciplinary histories regarding cell extraction incidents or inmate assaults. Defendants respond by stating that none of them have any records of relevant disciplinary action in their personnel files and there is no other evidence suggesting there were previous disciplinary actions taken.

**Policies.** Plaintiff seeks DOC policies on the use of force, tasers, leg irons and the instances in which prisoners are required to kneel when being restrained. In addition, he seeks the manual for using the taser. Defendants pointed plaintiff to the general policies on the use of force available in the administrative regulations, but they have refused to provide more specific internal policies to plaintiff on the ground that doing so would undermine security. In their opposition brief, defendants do not object to plaintiff's requests on the ground that they are irrelevant, overbroad or vague.

Defendants' concerns are legitimate, but not necessarily dispositive. Accordingly, I am directing defendants to produce the policies and any manuals responsive to plaintiff's requests *in camera* for the court's review in the event that defendants file a motion for summary judgment

5

in which they argue their use of force was reasonable. In addition, any expert witness who testifies about the reasonableness of any force used by defendants in this case should submit a supplemental opinion, also *in camera*, regarding defendants' compliance with those policies.

**Other requests.** Defendants do not discuss the following documents in their opposition brief: (1) communications between defendants and any grievance examiners related to this case; (2) statements made by defendants to Captain Mason during her investigation; and (3) training that defendant Gerl has received related to tasers. Because these requests could be relevant to plaintiff's claims, I am directing defendants to respond to these requests.

II. Third Motion to Compel Discovery

Plaintiff asks for an order to compel defendants to obtain and produce "MRI images, results, notes and other documents." There are a number of problems with this motion. First, plaintiff does not explain how any of this information is relevant to his claims in this case. Second, the only document plaintiff identifies with any specificity is a "patient screening report" prepared in July 2005. He attaches a response to a health service request in which a staff member wrote that the prison does "not keep the screening form as they are required by the clinic and we send them there." Dkt. 84-1. This portion of plaintiff's motion appears to be moot. In an affidavit accompanying defendants' opposition brief, the health services manager avers that the nurse who responded to plaintiff's request was mistaken and that the health services manager has since provided a copy of the screening report to plaintiff. Schrubbe Aff. ¶ 6, dkt. 88.

6

Any other aspect of plaintiff's motion is premature because he does not argue that defendants have refused to provide any other medical record on the ground that they do not have possession of it. However, defendants are correct that plaintiff cannot rely on Fed. R. Civ. P. 34(c) and Fed. R. Civ. P. 45 to force defendants to obtain records outside their possession, custody or control. If plaintiff wishes to obtain evidence from a nonparty, he must request a subpoena from the court using the procedure in Rule 45.

### III. Motion to Stop "the Defense from Obstructing and Interfering with Plaintiff's Ability to Prosecute this Action"

In this motion, plaintiff is asking the court to order defendants to submit to the court a copy of the video from the one hall camera that defendants have shown plaintiff. Plaintiff says that the court needs to see the video in order to understand (1) how the angle of the video hides much of what is happening and (2) why the video footage not produced is important. I am denying this motion as unnecessary because I have already determined that defendants must supplement their discovery responses on this issue.

### IV. Plaintiff's Motion to Strike Defendants' Experts and Defendants' Motion for Leave to File an Amended Expert Disclosure

Plaintiff argues that the court should strike defendants' experts because they did not adequately disclose the basis for their opinions as required by Fed. R. Civ. P. 26. In response, defendants have filed an amended disclosure that addresses plaintiff's concerns. Because I see no prejudice to plaintiff in allowing defendants to amend their disclosure, I am granting defendants' motion and denying plaintiff's motion as moot.

V.      **Motion for Assistance in Recruiting Counsel**

At the conclusion of his second motion to compel discovery, plaintiff argues that the court should appoint counsel for him because defendants "have and will continue to be uncooperative with discovery," dkt. 70 at 18. This argument is unpersuasive for multiple reasons. First, plaintiff has not shown that defendants have been "uncooperative with discovery." Although defendants have objected to some of plaintiff's discovery requests, this is routine in all civil litigation. As discussed above, with respect to some requests, defendants' objections are well-founded; with respect to others, defendants have attempted to find reasonable compromise positions. Particularly in light of the relatively large number of discovery requests that plaintiff has made, I see little merit to plaintiff's assertion that defendants objections are proof that defendants are "seek[ing] to exploit plaintiff's limitations" as a nonlawyer. *Id.*

In any event, plaintiff has shown through the various motions he filed that he is more than capable of standing up for himself. In addition, plaintiff has shown that he understands the law and knows how to prepare discovery requests. The fact that he has not received every document he requested is not evidence that he needs the assistance of a lawyer.

ORDER

It is ORDERED that

(1)    Plaintiff Prince Atum-Ra Uhuru Mutawakkil's second motion to compel discovery, dkt. 70, is GRANTED IN PART. No later than March 6, 2014, defendants should do the following:

   (a)    provide plaintiff access to video of the other cameras discussed in his motion to compel or submit an affidavit of someone with personal knowledge on the issues whether the other cameras were recording at the relevant time, whether those recordings were erased later and why some recordings were erased while others were not;

   (b)    provide plaintiff a redacted copy of the institution complaint examiner's response to each grievance identified during the computerized search discussed in defendants' brief, dkt. 78 at 5;

   (c)    submit to the court *in camera* copies of the policies and manuals plaintiff requests related to the use of force, tasers, leg irons and the instances in which prisoners are required to kneel when being restrained; in addition, any expert witness who provides testimony or an expert report in the context of a motion for summary judgment about the reasonableness of any force used by defendants in this case should submit a supplemental opinion, also *in camera*, regarding defendants' compliance with those policies;

   (d)    communications between defendants and any grievance examiners related to this case;

   (e)    statements made by defendants to Captain Mason during her investigation; and

   (f)    training that defendant Gerl has received related to tasers.

(2)    Plaintiff's second motion to compel, dkt. 70, is DENIED in all other respects.

(3)    Plaintiff's motion sanctions, dkt. 70, is DENIED.

(4) Plaintiff's third motion to compel discovery, dkt. 84, is DENIED.

(5) Plaintiff's motion to stop "the defense from obstructing and interfering with plaintiff's ability to prosecute this action," dkt. 85, is DENIED as unnecessary.

(6) Defendants' motion to file an amended expert disclosure, dkt. 89, is GRANTED and plaintiff's motion to strike defendants' experts, dkt. 86, is DENIED as moot.

(7) Plaintiff's motion for assistance in recruiting counsel, dkt. 70, is DENIED.

Entered this 20th day of February, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

(4) Plaintiff's third motion to compel discovery, dkt. 84, is DENIED.

(5) Plaintiff's motion to stop "the defense from obstructing and interfering with plaintiff's ability to prosecute this action," dkt. 85, is DENIED as unnecessary.

(6) Defendants' motion to file an amended expert disclosure, dkt. 89, is GRANTED and plaintiff's motion to strike defendants' experts, dkt. 86, is DENIED as moot.

(7) Plaintiff's motion for assistance in recruiting counsel, dkt. 70, is DENIED.

Entered this 20th day of February, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge