IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PRINCE ATUM-RA UHURU MUTAWAKKIL
also known as NORMAN C. GREEN,

                           Plaintiff,

v.

JOAN GERL, *et al.,*

                          Defendants.

ORDER

12-cv-816-bbc

---

Plaintiff Prince Atum-Ra Uhuru Mutawakkil, also known as Norman Green, is proceeding on various constitutional claims related to a strip search and use of force that occurred in November 2007. Now before the court are three more discovery motions filed by plaintiff: (1) a motion to compel the production of documents sent to plaintiff from the Grant County sheriff's office but confiscated by prison staff before plaintiff could see them, dkt. 93; (2) a motion to compel the production of documents sent from plaintiff's mother that were confiscated by prison staff, dkt. 95; and (3) a motion to strike defendants' amended expert witness disclosures, dkt. 96. In addition, plaintiff includes requests in these motions to extend the deadline for filing dispositive motions to June or July 2014, to appoint counsel and to appoint an expert. For the reasons stated below, I am granting in part plaintiff's second motion to compel and denying the remaining motions.

## ANALYSIS

### I. First Motion to Compel

In this motion, plaintiff says that he requested from the Grant County sheriff's office information related to an investigation it performed related to the incidents at issue in this case.



However, when a CD and DVD arrived from the sheriff's office, prison staff confiscated the items on the ground that they came from an "unapproved source."

I am denying this motion as moot. In their response, defense counsel cites DAI Policy 300.00.67 for the proposition that the sheriff's office "is not an approved listed source from which an inmate can receive digital legal materials." Dkt. 110, ¶ 8. However, counsel states that, once she learned about the problem (when plaintiff filed his motion to compel), she made arrangements for plaintiff to view and listen to any audio or video recordings plaintiff received from the sheriff's office. *Id.* at ¶¶ 9-14. Plaintiff is reminded that, pursuant to the preliminary pretrial conference order, he is to attempt to work out these types of problems with defendants' attorney before filing a motion to compel.

## II. Second Motion to Compel

This motion is similar to the first in that plaintiff says that prison staff confiscated documents related to this lawsuit that he received from an outside source, which in this case is his mother. Defendants acknowledge that they confiscated the following materials:

1. A letter dated 1-27-14 signed by "Mom," explaining that the contents of the package include six copies of a letter, cardiac stimulation, respiratory effect of prolonged electrical weapon, shock defense TEK-12, Less than Lethal 129 pages.

2. Six copies of a memorandum from Divus Videre Latus Multus (Divine Vision of Growth and Development to Secretary Edward Wall.

3. An article titled, "Cardiac Stimulation with High Voltage Discharge from Stun Guns."

4. An article titled, "Clinical Research: Cardiovascular Consequences of Stun Gun."

5.    An article titled, "Respiratory Effect of Prolonged Electrical Weapon Application on Human Volunteers."

6.    A print out of "Stun Gun Expert & User Submitted Reviews."

7.    An article titled, "Federal Jury Awards $10 Million Against TASER International for Teenager's Death."

8.    Law journal article titled, "Civil Liability for Use of Tasers, Stunguns, and other electronic control devices Part III: Use Against Detainees and Disabled or Disturbed Persons."

9.    Auction website print out about an Lurton II Taser.

10.   Product print out for "ShockTEK Defense TEK-12 Flashlight Stun Gun.

11.   An article titled, "Police Watchdog to Probe if Taser Jolt had Role in Man's Death in Vancouver."

12.   A print out of "A List of Persons Extra-Judicially Electrocuted by Police using Taser (and other) Electrocution Devices."

13.   A print out of "Electrocution Victim's Family Routed in California Taser Death Case."

14.   A print out of "Justice Clarence Thomas's Nephew Treated Like a Black Man with Rasta Locks by West Jefferson Hospital Security."

15.   A print out of "A Critical Look at TASER Policy and Effects."

16.   Amnesty International article titled, "'Less than Lethal?' The Use of Stun Weapons in US Law Enforcement."

Olson Aff. ¶ 8, dkt. 112.

With the possible exception of the articles on the law of using tasers, it is not immediately apparent how any of these materials could help plaintiff prove his claims. However, defendants do not object to providing these documents to plaintiff on the ground that they are irrelevant. Rather, they rely solely on a security objection: "providing information on stun guns

3

and tasers that specifically details their use, capabilities and effects may provide an inmate with information that could thwart security measures or could provide the inmate with information allowing for abuse of this security procedure." *Id.* at ¶ 9.

That conclusory statement is not enough to show that prison staff were justified in confiscating the documents. As far as I can tell from the summary provided by defendants, none of the documents discuss how to use a taser or how to defend oneself from a taser attack. It is true that several of the documents may relate to the *effects* of tasers, but it is not clear why allowing plaintiff to have that information would have any security implications. Many of the documents seem to be nothing more that law or news articles about tasers.

Even if I assume that defendants have valid security objections, that does not explain why they failed to submit the documents to the court *in camera*, along with a motion for a protective order. If plaintiff is seeking information that is otherwise discoverable under Fed. R. Civ. P. 26, defendants may not make a unilateral determination that they need not comply with a discovery request because of a security objection. In addition, in a situation like this one in which the prisoner sought documents from a third party, prison staff should consult with counsel if staff have security objections to documents that a prisoner wants to use for a pending lawsuit so that counsel can consider whether a protective order is needed.

I will give defendants a choice on how they wish to proceed. For each of the 16 documents listed above, defendants should: (1) provide the document to plaintiff; or (2) provided a redacted version to plaintiff and file *in camera* an unredacted version with the court; or (3) withhold the document from plaintiff and file it *in camera*, along with an unsealed explanation of how providing that particular document to plaintiff could undermine prison

4

security.  If plaintiff objects to defendants' response to this order, he will need to be prepared to explain why he believes any withheld information will help him prove his claims.

### III.  Motion to Strike Amended Expert Disclosures

This is plaintiff's second motion to strike defendants' expert disclosures.  After plaintiff filed his motion, defendants amended their disclosures to address plaintiff's concerns.  Plaintiff objects to the amendments on the grounds that they are untimely and do not include enough information.  Neither argument is persuasive.

With respect to timeliness, this matters only if there is prejudice to plaintiff and I see none.  Defendants are not relying on expert testimony in their motion for summary judgment and trial is not scheduled until August 2014, so plaintiff cannot plausibly argue that he will not have enough time to do any necessary followup discovery before then.

With respect to missing information, plaintiff says that defendants' disclosures did not identify particular documents the experts intended to rely on and did not identify other cases in which they had testified.  However, these are requirements under Fed. R. Civ. P. 26(a)(2)(B), which applies only to experts "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."  In their disclosures, defendants stated that their experts do not fall into any of those categories. *See* dkt. 90.  Because plaintiff does not develop an argument or cite any evidence that would undermine defendants' representation, he has failed to show that he is entitled to more than he received.

## IV. Other Requests

Finally, plaintiff includes requests in his motions to extend the deadline for filing dispositive motions to June or July 2014, to appoint counsel and to appoint an expert. Plaintiff does not develop any argument in support of these requests, so I am denying them. However, I will give plaintiff a short extension of time to respond to defendants' motion for summary judgment.

## ORDER

It is ORDERED that

(1)   The motion filed by plaintiff Prince Atum-Ra Uhuru Mutawakkil to compel the production of documents sent to plaintiff from the Grant County sheriff's office, dkt. 93, is DENIED as moot;

(2)   Plaintiff's motion to compel the production of documents sent from plaintiff's mother that were confiscated by prison staff, dkt. 95, is GRANTED IN PART. No later than March 14, 2014, defendants should do one of the following for each of the 16 documents identified in Section II of this opinion:

    (a)   provide the document to plaintiff; or

    (b)   provided a redacted version to plaintiff and file *in camera* an unredacted version with the court; or

    (c)   withhold the document from plaintiff and file it *in camera*, along with an unsealed explanation of how providing that particular document to plaintiff could undermine prison security.

(3)   Plaintiff's motion to strike defendants' amended expert witness disclosures, dkt. 96, is DENIED.

(4)   Plaintiff's requests to extend the deadline for filing dispositive motions to June or July 2014, to appoint counsel and to appoint an expert are

DENIED.  Plaintiff may have until April 10, 2014 to file his response to defendants' motion for summary judgment.  Defendants may have until April 21, 2014 to file their reply.

Entered this 7th day of March, 2014.

BY THE COURT:

STEPHEN L. CROCKER<br>Magistrate Judge