IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PRINCE ATUM-RA UHURU MUTAWAKKIL
also known as NORMAN C. GREEN,

                                                   ORDER

            Plaintiff,

                                                   12-cv-816-bbc

    v.

JOAN GERL, ROBERT PATTEN,
THOMAS TAYLOR, LEONARD JOHNSON,
JEREMY McDANIEL, JAMES BOISEN,
PETER HUIBREGTSE and KELLY TRUMM,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Pro se prisoner Prince Atum-Ra Uhuru Mutawakkil, also known as Norman Green, is proceeding on several claims relating to a use of force, a strip search, medical care and mail. Defendants have filed a motion for summary judgment, but plaintiff has not yet filed any opposition materials.

        Plaintiff's response was due initially on April 3, 2014, but Magistrate Judge Stephen Crocker extended that deadline, first to April 10, 2014, dkt. #117, and then to April 17, 2014, dkt. #129, after plaintiff requested more time. However, the magistrate judge denied plaintiff's request for an additional 60 days. Dkt. #129.

        In response to the magistrate judge's order, plaintiff has filed an appeal to the district court judge, which is permitted under 28 U.S.C. § 636(b). In the alternative, plaintiff says

1

that he wishes to dismiss the case without prejudice. Dkt. #130. In his brief, plaintiff offers several reasons for needing more time: (1) he is "mentally unhealthy," which is affecting his "energy levels"; (2) he is litigating other cases; (3) he is receiving assistance from individuals outside the prison, which requires time for communicating with them; and (4) defendants have been uncooperative in discovery.

None of these arguments is persuasive. First, with respect to a mental health problem, plaintiff does not provide any details about it, let alone any medical documentation, so I cannot credit that excuse. Second, it was plaintiff's own choice to file this lawsuit while other cases were pending, so he cannot rely on the existence of other lawsuits as a reason for failing to comply with deadlines. Third, to the extent plaintiff is receiving assistance from nonprisoners, it is his obligation to inform them of pending deadlines in advance. If those providing assistance cannot meet those deadlines, then plaintiff must rely on his own resources. The fact that he is receiving more help than many other prisoners receive is not a reason for giving him more time. Fourth, the court already gave plaintiff extensions of time to account for discovery disputes between the parties. Plaintiff does not explain how those disputes prevented him from filing timely opposition materials.

Finally, I am skeptical of plaintiff's arguments that he is unable to keep up with deadlines in light of the aggressive manner that he has litigated this case up until now. Plaintiff's initial complaint was 75 pages long and included dozens of claims that belonged in at least ten different lawsuits. Dkt. #10. When I informed plaintiff that he needed to

narrow the scope of his complaint because it included many unrelated claims against different defendants, plaintiff objected vigorously. Dkt. #11. After discovery began, plaintiff litigated the case with gusto, filing many motions related to discovery and other issues. Dkt. ##29, 60, 83, 84, 85, 86, 93 and 96. He even filed a request to expand the scope of his lawsuit to include new claims. Dkt. #71. It was only when the time came to "put up or shut up," that plaintiff said that he was having difficulty. Goodman v. National Security Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010) ("We often call summary judgment, the 'put up or shut up' moment in litigation, by which we mean that the non-moving party is required to marshal and present the court with the evidence she contends will prove her case. And by evidence, we mean evidence on which a reasonable jury could rely.") (citations omitted).

In any event, plaintiff's request is now moot. Although it has been more than 60 days since plaintiff's original summary judgment deadline, plaintiff still has not filed any opposition materials. Instead, he has filed *another* request for an extension, this time asking to have until July 25, 2014. Dkt. #137. Because plaintiff has made no showing that he is entitled to an extension, I am denying his request.

Defendants say that they do not object to plaintiff's request in the alternative to dismiss his case without prejudice, dkt. #131, so I will grant that request. However, plaintiff should know that a dismissal without prejudice does not toll the statute of limitations. Elmore v. Henderson, 227 F.3d 1009, 1011 (7th Cir. 2000) ("[W]hen a suit is dismissed without prejudice, the statute of limitations is deemed unaffected by the filing of the suit,

so that if the statute of limitations has run the dismissal is effectively with prejudice.").

ORDER

IT IS ORDERED that the requests filed by plaintiff Prince Atum-Ra Uhuru Mutawakkil, also known as Norman Green, for an additional extensions of time to file summary judgment materials, dkt. ##130 and 137, are DENIED. Plaintiff's alternative request to dismiss the case without prejudice is GRANTED. The clerk of court is directed to enter judgment accordingly.

Entered this 19th day of June, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge